UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB VALINE,

               Plaintiff

-against-

PRESIDENT DONALD J. TRUMP; UNITED
STATES DEPARTMENT OF DEFENSE;
ATTORNEY GENERAL OF THE UNITED
STATES

               Defendants.

25-CV-8317 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jacob Valine, who resides in Windsor Laramie, Colorado, brings this *pro se* action challenging the deployment of the National Guard. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Columbia.

## DISCUSSION

    Plaintiff brings claims against Defendants President Trump, the U.S. Department of Defense, and the U.S. Attorney General of the United States. He states that President Trump "publicly threatened to defy federal court rulings on National Guard deployments[] [and that] [t]hese statements, made in Washington, D.C. and widely reported, challenge judicial authority." (ECF 1, at 5.) He further alleges that "[t]he Department of Defense, under [President Trump's] command, may exercise unlawful deployments[] [and that] [t]he Attorney General has not intervened to uphold judicial enforcement." (*Id.*) Plaintiff contends that the events giving rise to his claims occurred "[n]ationwide, with constitutional impact centered in Washington, D.C. and New York." (*Id.* at 4.)

Because Plaintiff sues federal defendants, the venue statute governing this action is 28 U.S.C. § 1391(e). Under Section 1391(e), venue is proper in

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Petitioner names as defendants President Trump, the Department of Defense, and the Attorney General. From the face of the petition, therefore, it is clear that this district is not a proper venue for this action under Section 1391(e)(1)(A) because Defendants do not reside in a county within the Southern District of New York.

Venue also is not proper in this district under Section 1391(e)(1)(B) because the events giving rise to this action did not occur within the Southern District. Although Plaintiff claims that New York could be affected by Defendants' alleged conduct, he does not state any facts suggesting that the conduct he challenges transpired in New York.

Finally, because this petition does not involve real property, and because Plaintiff resides in Colorado, this district is not a proper venue for this action under Section 1391(e)(1)(C).

Under 28 U.S.C. § 1406, if a petitioner files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff challenges federal actions taken in Washington, D.C., Plaintiff could have filed this case in the District of Columbia; he also could have filed the case in the District of Colorado because he resides in Colorado. The

Court concludes, however, that this action should be transferred, in the interest of justice, to the District of Columbia because the events giving rise to Plaintiff's claims arose in Washington, D.C., where President Trump and the Attorney General are located. The Court therefore transfers this action to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a). Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. The Court leaves to the transferee court determinations regarding Plaintiff's motions filed at ECF 6-12 and directs the Clerk of Court to terminate these motions.

A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 10, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge